FILED

00 FEB -4 PM 4: 09

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

FEB - 4 2000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

1:00 CV 0350

JUDGE GAUGHAN

MAG. JUDGE VECCHIARELLI

| | |
|---|---|
| EMERSON ELECTRIC CO.<br>8000 W. Florissant<br>P.O. Box 4100<br>St. Louis, Missouri 63136-8506<br><br>and<br><br>RIDGE TOOL COMPANY<br>400 Clark Street<br>Elyria, Ohio 44036-2023<br><br>Plaintiffs,<br><br>v.<br><br>HEICO HOLDING, INC.<br>2075 Foxfield Road, Ste. 102<br>Saint Charles, IL 60174<br><br>and<br><br>PETTIBONE L.L.C.<br>4225 Naperville Road, Ste. 2000<br>Lisle, IL 60532<br><br>d/b/a<br><br>SPARTAN TOOL L.L.C.<br>1506 Division St.<br>Mendota, IL 61342<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

H: 369106(7WSY01!.DOC)

Plaintiffs Emerson Electric Co. and Ridge Tool Company complain of defendants Hieco Holding, Inc. and Pettibone L.L.C. d/b/a Spartan Tools L.L.C., and allege as follows:

## PARTIES

1. Emerson Electric Co. ("Emerson") is a corporation existing and organized under the laws of the State of Missouri and has a place of business at 8000 West Florissant Avenue, St. Louis, Missouri 63136.

2. Ridge Tool Company ("Ridge Tool") is a corporation duly organized and existing under the laws of the State of Ohio, having its principal place of business in Elyria, Ohio.

3. Upon information and belief, Spartan Tools L.L.C., having a place of business at 1506 Division Street, Mendota, Illinois 61342, is a Division of Pettibone L.L.C., a Limited Liability Company existing under the laws of the State of Delaware and having a place of business at 4225 Naperville Road, Ste. 200, Lisle, IL 60532, which is a wholly-owned subsidiary of Heico Holding, Inc., a corporation existing and organized under the laws of the State of Delaware and having a place of business at 2075 Foxfield Road, Ste. 102, Saint Charles, IL 60174 (collectively "Spartan"). Upon information and belief, Spartan transacts business in Ohio.

## JURISDICTION AND VENUE

4. This is an action for patent infringement. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this claim arises under the United States Patent laws (Title 35 of the United States Code).

5. Venue is proper in this District pursuant to 28 U.S. C. § 1391 and § 1400. Defendant Spartan resides in this judicial District because, upon information and belief, it

regularly and systematically conducts business in this District, and more specifically, upon information and belief, it has sold infringing products in this District.

## BACKGROUND FACTS

6. Emerson is a diversified company engaged in the manufacture and sale of a wide variety of industrial products such as electric motors, compressors, measuring instruments, power tools, and plumbing equipment.

7. Ridge Tool -- a subsidiary of Emerson -- manufactures, develops, markets, and sells tools to the professional pipeworking and plumbing industry. Ridge Tool manufactures over 300 different tools, including a large line of pipe and drain cleaning equipment.

## COUNT I
## INFRINGEMENT OF U. S. PATENT NO. 5,901,401

8. Emerson and Ridge Tool ("Plaintiffs") incorporate by reference and re-allege the previous paragraphs of this Complaint as if they were fully set forth herein.

9. Emerson is the owner by assignment of United States Patent No. 5,901,401 (the "'401 patent"), entitled "Feed Control Device for Plumbing Tools." A copy of the '401 patent is attached as Exhibit A to this Complaint.

10. The '401 patent was duly and legally issued by the United States Patent and Trademark Office on May 11, 1999, and is presently subsisting. Ridge Tool is Emerson's exclusive licensee of the '401 patent.

11. Upon information and belief, Spartan has been and is now infringing the '401 patent in this District and elsewhere by making, using, offering to sell and/or selling products covered by one or more claims of the '401 patent. Spartan's activities include at least making,

selling, and offering for sale its 502 Cable Machine. A brochure of Spartan's 502 Cable Machine is attached as Exhibit B.

12. All of the acts of Spartan have been without right or license from Emerson.

13. Upon information and belief, Spartan's acts of infringement of the '401 patent were and are willful and deliberate, and Plaintiffs believe a finding of willfulness will have evidentiary support after a reasonable opportunity for further investigation and discovery.

14. Upon information and belief, Spartan's infringement will continue unless enjoined by this Court.

15. As a result of the infringing activities of Spartan, Plaintiffs have been and continue to be damaged in an amount that will be proven at trial, and Plaintiffs have suffered irreparable injury.

## COUNT II
## PATENT INFRINGEMENT OF U. S. PATENT NO. 6,009,588

16. Plaintiffs incorporate by reference and re-allege the previous paragraphs of this Complaint as if they were fully set forth herein.

17. Emerson is the owner by assignment of United States Patent No. 6,009,588 (the "'588 patent"), entitled "Drain Cleaning Apparatus." A copy of the '588 patent is attached as Exhibit C to this Complaint. Ridge Tool is Emerson's exclusive licensee of the '588 patent.

18. The '588 patent was duly and legally issued by the United States Patent and Trademark Office on January 4, 2000, and is presently subsisting.

19. Upon information and belief, Spartan has been and is now infringing the '588 patent in this District and elsewhere by making, using, offering to sell and/or selling products covered by one or more claims of the '588 patent. Spartan's activities include at least making,

selling, and offering for sale its 502 Cable Machine. A brochure of Spartan's 502 Cable Machine is attached as Exhibit B.

20. All of the acts of Spartan have been without right or license from Emerson.

21. Upon information and belief, Spartan's acts of infringement of the '588 patent were and are willful and deliberate, and Plaintiffs believe a finding of willfulness will have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. Upon information and belief, Spartan's infringement will continue unless enjoined by this Court.

23. As a result of the infringing activities of Spartan, Plaintiffs have been and continue to be damaged in an amount that will be proven at trial, and Plaintiffs have suffered irreparable injury.

## REQUESTED RELIEF

Plaintiffs request the following relief:

A. That this case be deemed exceptional;

B. That Plaintiffs be awarded compensatory damages under 35 U.S.C. § 284 against Spartan in an amount to be determined at trial;

C. That Plaintiffs be awarded treble damages under 35 U.S.C. § 284 against Spartan;

D. That Spartan be preliminarily and permanently enjoined from making, using, offering for sale or selling drain cleaners covered by the '401 patent under 35 U.S.C. § 283;

E. That Spartan be preliminarily and permanently enjoined from making, using, offering for sale or selling drain cleaners covered by the '588 patent under 35 U.S.C. § 283;

F. That Plaintiffs be awarded reasonable attorney fees under 35 U.S.C. § 285, costs of suit, and pre- and post-judgment interest; and

G. That Plaintiffs be awarded such other and further relief as the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues triable by jury.

Respectfully submitted,

DATED: Feb. 4, 2000

M. Neal Rains (0013081)
ARTER & HADDEN LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1475
Ph.: (216) 696-1100
Fax: (216) 696-2645
E-mail: nrains@arterhadden.com

-- *and* --

Albert B. Deaver, Jr.
Texas Bar No. 05703800
Robert J. McAughan, Jr.
Texas Bar No. 00786096
Gregg Duffey
Texas Bar No. 50511771
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive
Houston, TX 77057
Telephone: (713) 787-1400
Facsimile: (713) 787-1440
E-mail: adeaver@AWD.com

*Attorneys for Plaintiffs*