

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMERSON ELECTRIC CO. and<br>RIDGE TOOL COMPANY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HEICO HOLDING, INC.,<br>PETTIBONE, L.L.C. and<br>SPARTAN TOOL L.L.C.,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:00CV 0350<br><br>Judge Gaughan<br>Magistrate Judge Vecchiarelli<br><br><br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants Heico Holding, Inc., Pettibone, L.L.C., and Spartan Tool L.L.C.

("Defendants"), answer the Plaintiffs' Complaint, and Spartan also counterclaims as follows:

### PARTIES

1.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

CLE - 581156.1



3. Defendants admit that Spartan Tools, L.L.C., has a place of business at 1506 Division Street, Mendota, Illinois 61342, and that Spartan transacts business in Ohio, but denies the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants deny that Spartan sells infringing products in this District. Defendants deny that venue for Plaintiff's claims is proper in this District. Defendants admit that Spartan conducts business in this District.

## BACKGROUND FACTS

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,901,401

8. Defendants adopt by reference their responses to the referenced paragraphs of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that Exhibit B is a portion of a brochure for the Model 502, but deny the remaining allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

## COUNT II

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,009,588

16. Defendants adopt by reference their responses to the referenced paragraphs of the Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Defendants admit that Exhibit B is a portion of a brochure for the Model 502, but deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

24. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

25. Plaintiffs are estopped from asserting the claims of the '588 and '401 patents to cover the defendants' products.

## COUNTERCLAIMS

1. These counterclaims are for a declaratory judgment and for injunctive relief arising under 28 U.S.C. §§ 2201 et seq.

2. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), § 1367, and § 2201. Venue is proper under §§ 1391(b) and (c).

### COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT ('588 PATENT)

3. Spartan incorporates by reference paragraphs 1-2 above.

4. An actual controversy exists between Spartan on the one hand and Emerson and Ridge over the alleged infringement of the '588 claims.

5. Spartan's Model 502 does not infringe any valid claims of the '588 patent.

### COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT ('401 PATENT)

6. Spartan incorporates by reference paragraphs 1-2 above.

7. An actual controversy exists between Spartan on the one hand and Emerson and Ridge over the alleged infringement of the '401 claims.

8. Spartan's Model 502 does not infringe any valid claims of the '401 patent.

### COUNT III --

### DECLARATORY JUDGMENT OF INVALIDITY ('588 PATENT)

9. Spartan incorporates by reference paragraphs 1-2 above.

10. An actual controversy exists between Spartan on the one hand and Emerson and Ridge over the alleged infringement of the '588 claims.

11. The '588 claims are invalid in light of failure to satisfy one or more of U.S.C. §§102, 103, and/or 112.

## COUNT IV --

## DECLARATORY JUDGMENT OF INVALIDITY ('401 PATENT)

12. Spartan incorporates by reference paragraphs 1-2 above.

13. An actual controversy exists between Spartan on the one hand and Emerson and Ridge over the alleged infringement of the '401 claims.

14. The '401 claims are invalid in light of failure to satisfy one or more of U.S.C. §§102, 103, and/or 112.

## PRAYER FOR RELIEF

Spartan respectfully demands the following relief:

A. A declaration that Spartan does not infringe the '588 and '401 patents;

B. A declaration that the '588 and '401 patents are invalid or unenforceable or both;

C. Any other relief this Court deems just.

## JURY DEMAND

Spartan demands trial by jury of all issues in this action that are triable by jury.

Respectfully submitted,

*[signature]*

Deborah A. Coleman (0017908)
Hahn, Loeser & Parks LLP
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 274-2220

Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Vasilios D. Dossas
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Bruce Sperling
Sperling & Slater
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 641-3200

Attorneys for Spartan Tool L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIMS** was delivered to the below listed counsel of record by facsimile and was sent by ordinary mail:

>M. Neal Rains
>Arter & Hadden LLP
>1100 Huntington Building
>925 Euclid Avenue
>Cleveland, Ohio 44115-14375
>Phone:    216-696-1100
>Fax:       216-696-2645
>email:     nrains@arterhadden.com
>
>Albert B. Deaver, Jr.
>Robert J. McAughan, Jr.
>Gregg Duffey
>Howrey, Simon, Arnold & White LLP
>750 Bering Drive
>Houston, Texas 77057
>Phone:    713-787-1400
>Fax:       713-787-1440
>email:     adeaver@AWD.com
>
>Attorneys for Plaintiffs

on this 10th day of March, 2000.

_____
One of the Attorneys for Defendants

CLE - 581156.1