FILED

00 JUN 30  PM 4: 33

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Emerson Electric Co., et al. | ) | CASE NO.  1: 00 CV 0350 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Heico Holding, Inc., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

This is a patent infringement action.  Before the Court are plaintiffs' motion to enjoin defendant Spartan Tool L.L.C. from proceeding with a lawsuit it filed in the Northern District of Illinois 10 days after this lawsuit was filed (Doc. No. 9) and defendants' motion to transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).  (Doc. No. 10.) For the reasons stated below, both motions are denied.

### Facts and the parties' positions

On February 4, 2000, plaintiffs Emerson Electric Co. and Ridge Tool Company filed this patent infringement action in this Court alleging infringement of U.S. Patents 5,901,401 (the '401 patent) and 6,009,588 (the '588 patent), issued to Emerson Electric.  Emerson is a

1

Missouri corporation having its principal place of business in Missouri.  Ridge is an Ohio corporation with its principal place of business in Elyria, Ohio.  The lawsuit names as defendants Spartan Tool L.L.C. and its parent organizations Heico Holding, Inc. and Pettibone L.L.C., which all have their places of business in the Northern District of Illinois.

On February 14, 2000, Spartan Tool, L.L.C. filed a lawsuit in the Northern District of Illinois.  (The Illinois complaint is attached as Exhibit C to plaintiffs' Motion to Enjoin).  The Illinois complaint names Emerson and Ridge as defendants and seeks a declaratory judgment of noninfringement regarding the '588 patent (count I), a declaratory judgment of noninfringement regarding the '401 patent (count II), a declaratory judgment of invalidity of the '588 patent (count III), a declaratory judgment of invalidity of the '401 patent (count IV), and alleges a claim that Emerson and Ridge engaged in unfair competition pursuant to § 43(a) of the Lanham Act (count V).

In their motion to enjoin Spartan from proceeding with the Illinois action, plaintiffs contend that the Illinois case pertains to the very same patents and accused products that are at issue in this case.  Plaintiffs contend that under the "first to file" rule, except under exceptional circumstances, a later-filed action involving the same parties and same issues as a previously filed suit should be stayed, transferred or dismissed in deference to a previously-filed action.  (Mot. To Enj. At 3-4.)  Plaintiffs further contend that "when a Federal court is presented with a duplicative suit, it may exercise its inherent power to enjoin the parties from proceeding in the other suit."  *Id.* at 4, citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *Asset Allocation and Management Co. v. Western Employers Insurance Co.*, 892 F.2d 566, 568 (7th Cir. 1989).

2

Defendants contend that the Court should deny plaintiffs' motion to enjoin based on the first to file rule, taking the position that the presence of the unfair competition claim in the Illinois action means that the issues in the Ohio and Illinois cases are different (Defs. Opp. at 3-4), the parties in the actions are also different because "additional parties" named in this action, Pettibone and Heico, "should not be the subject of any patent infringement suit in Ohio," (*id.* at 4-5), and "exceptional circumstances" require deviation from the first to file rule.  (*Id.* at 5-6.)[1]  The exceptional circumstances defendants cite are those articulated in their motion to transfer this action to the Northern District of Illinois.  Defendants assert that this action should be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendants assert that almost all the evidence on the issues of infringement and damages is located in Illinois, Spartan manufactures and designed its accused product in Illinois and its headquarters is located there, Spartan does not have any significant presence in Ohio and none of the accused activity occurred or continues to occur here.  Defendants assert that the two individuals who designed the accused product reside in Illinois, and one of those individuals (Mr. Selecker) is not available for live trial testimony here because he is retired, is 69 years old and is the primary care provider for his wife who is gravely ill and cannot be left alone.  Defendants contend that other individuals who participated in the design,

---

[1]  Defendants also note that although this action was filed before the Illinois action, the Illinois action was filed before the complaint in this action was served.

manufacturing, marketing and sale of the accused product likewise are located in Illinois.

Defendants assert that the only connection between this forum and the litigation is that Ridge

has its principal place of business here.   They assert that in patent cases, the alleged

infringer's principal place of business is frequently the determinative factor in a motion to

transfer under § 1404(a).  (Def. Mem. in Supp. of Mot. to Transfer at 7, citing *Habitat*

*Wallpaper & Blinds v. K.T. Scott Ltd.*, 807 F. Supp. 470, 474 (N.D. Ill. 1992) ("Intellectual

property infringement suits often focus on the activities of the alleged infringer, its

employees, and its documents; therefore, the location of the infringer's principal place of

business is often the critical and controlling consideration."); *S.C. Johnson & Sons, Inc. v.*

*Gillette Co.*, 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983) ("As a general rule, the preferred

forum is that which is the center of the accused activity. . . . The trier of fact ought to be as

close to the milieu of the infringing device and the hub of activity surrounding its

production.") Defendants assert that one of the reasons for this rule is that jurors should not

have to be burdened with adjudicating a matter concerning patent infringement stemming

from conduct occurring largely in other states.  *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.

Supp. 473, 486-87 (D.N.J. 1993).)

Plaintiffs oppose defendants' motion to transfer.  They assert that they chose this

forum for legitimate reasons, namely, it is Ridge's "home turf."[2]  They contend that the

convenience of the parties and witnesses weighs in favor of this forum because Ridge, the

exclusive licensee of the patents, and its employees are located here.  They assert that the

---

[2]    Emerson, plaintiffs contend, is the assignee of the patents and therefore must be named as a party, but nevertheless has a "minimal" role in this litigation.

4

testimony of the inventors of the patents, individuals involved in prosecution and the attorney who processed the patent applications will likely be necessary to establish defendants' counterclaim that the patents are unenforceable, and those witnesses are all here. The attorney, Mr. Daniels, is unable to testify in Chicago for health reasons. (He suffers from cancer and requires daily radiation treatment in Cleveland.) Plaintiffs contend that transferring this case out of this district would merely shift the inconvenience of this litigation from defendants to Emerson and Ridge, and defendants' inconvenience cannot override their choice of forum.

In addition, plaintiffs contend that other evidence is located here. They assert that a patent owner's lost profits is the measure of damages to compensate a patent owner for infringement, and the proof required to demonstrate lost profits, including the patentee's manufacturing and marketing capability and the amount of profit the patentee would have made absent the infringing sales, is located here. (Opp. at 9.) They assert that documents relevant to infringement, invalidity and damages are located both in Ohio and Illinois, but documents relevant to the enforceability of the patents are located only here.

Plaintiffs state that "the primary events of concern in this case are Defendants sale of allegedly-infringing products in this District, and the activities of the inventors and patent counsel during the '401 Patent and the '588 Patent, both of which occurred in this District." (Opp. at 10.) They assert that Spartan has significant ties to this district in that at least one employee in this district sells the accused product, defendants have at least one distributor here and "Defendants have multiple customers in this District who buy units that have the same features as those described and claimed in the [patents]." (Opp. at 7.)

5

Finally, plaintiffs assert the interest of justice do not favor transferring this case.  They assert that there is a relationship between this forum and this dispute because Ridge is located here.  They assert that Emerson has substantial contacts with this district because Ridge is Emerson's wholly owned subsidiary and it has another wholly owned subsidiary here.  (Opp. at 10.)

In its reply in support of its motion to transfer, defendants assert that the entire controversy is properly resolved in Illinois because personal jurisdiction exists over Heico and Pettibone in Illinois, and plaintiffs do not address in their opposition brief whether Heico and Pettibone are subject to personal jurisdiction here.  In addition, defendants dispute plaintiffs' contention that Mr. Daniels testimony will be important because they do not presently intend to call Mr. Daniels to testify and if they do, he can be deposed in Cleveland, health permitting.

## Discussion

### 1. Plaintiffs' motion to enjoin.

The "first-to-file rule" is a generally recognized doctrine of federal comity applied in patent cases which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Abbott Laboratories, Inc. v. Mead Johnson & Co.,* 47 U.S.P.Q.2d 1305 (S.D. Ohio 1998). "The general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931 (Fed. Cir. 1993), *abrogated on other grounds, Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995).  "[B]ecause primary jurisdiction attaches in the forum in which the action is first instituted, a district court may transfer the later-filed action to the district where the earlier-filed action is pending, provided

6

that the transferee district is one where the later-filed action might have been brought." *EBW, Inc. v. Environ Products, Inc.*, 1996 WL 550020 (W.D. Mich. 1996). Factors that have been considered in determining whether to transfer a case under the first to file rule include (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Plating Resources, Inc. v. UTI Corporation*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999). Precise identity of the parties is not required and application of the first to file rule is discretionary with the district court. *Plating Resources*, 47 F.Supp.2d 899. In addition, federal courts have recognized that "the first federal court to obtain jurisdiction has the discretionary power to enjoin its defendant from prosecuting (or initiating) a separate suit involving the same essential issues against the plaintiff in another court, thereby forcing the defendant either to litigate its claim as a counterclaim or to abandon it." *Applexion S.A. v. Amalgamated Sugar Company*,1995 WL 404843, at * 2 (N.D. Ill. 1995), citing *Asset Allocation & Mgt. v. Western Employers Ins.*, 892 F.2d 566, 572 (7th Cir. 1989) ("there is overwhelming case authority that the first court has power, independently of the equitable doctrine that bars vexatious litigation, to enjoin the defendant from bringing a separate suit against plaintiff in another court, thereby forcing the defendant either to litigate his claim as a counterclaim or to abandon it.") As the *Asset Allocation* Court stated:

> The real basis for the power . . . is practical. A court – some court – should have the power to prevent the duplication of litigation even though neither party is acting abusively; this is implicit in the very concept of a *compulsory* counterclaim. It might as well be the first court. It is not a traditional equitable power that the courts are exercising in these cases but a new power asserted in order to facilitate the economical management of complex litigation.

7

But it is a power, not a duty.

*Asset Allocation*, 892 F.2d at 572.

In *Barber-Greene v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957), Blaw-Knox and All Purpose Spreader Company filed a suit in the Northern District of Ohio seeking a declaratory judgment holding six of defendant's patents invalid and not infringed. Four days before service of process of the action was effected, the defendant filed a complaint in the Northern District of Illinois against one of the plaintiffs asking for an injunction and damages for infringement of the same six patents. The district court entered an order in the declaratory judgment suit enjoining defendant from prosecuting the Illinois action. The Sixth Circuit affirmed the injunction. The Court found that the Northern District of Ohio was a proper venue for the declaratory judgment action. In addition, the Court found that the Ohio action was the first filed suit even though service of process occurred sooner in the Illinois infringement suit. The Court referred to Fed. R. Civ. P. 3 which states: "A civil action is commenced by filing a complaint with the court." *Barber-Greene*, 239 F.2d at 778. The Court rejected the argument that the district court abused its discretion in enjoining the Illinois suit because Illinois was the more convenient forum. The Court stated that the record contained evidence "in favor of both Ohio and Illinois," and [b]alance of convenience was therefore a matter clearly within the discretion of the district court." *Id.*

The Court is inclined to agree with plaintiffs that the factors applied in determining whether to transfer a case under the first-to-file rule weigh in favor of applying the rule here. As established in *Barber-Greene*, this case was the first case filed because the complaint was filed before the Illinois case even though service was first achieved in the Illinois action.

8

Further, the Illinois action, as gleaned from the Illinois complaint, involves the same parties and issues as this case.[3]  Therefore, based upon the law regarding the first-to-file rule, this Court has discretion to apply the rule and enjoin the parties in this case from proceeding in the Illinois action.  Although this Court has discretion to apply the rule, this Court declines to order the relief plaintiffs seek -- an injunction prohibiting the parties in this action from proceeding with the Illinois suit.  While this Court agrees with plaintiffs that this case was filed first and that judicial resources are wasted when two courts are called upon to resolve issues that can be resolved in one proceeding, this Court will not issue an injunction prohibiting the parties from proceeding in the Illinois action out of deference to the Illinois court.  The Court is reticent to make an order in this case that will interfere with the ability of the Illinois district court to control its own docket.  Therefore, plaintiffs' motion to enjoin the parties from proceeding in the Illinois case is denied.

## 2. Defendants' motion to transfer.

In ruling on a motion to transfer under 28 U.S.C. § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice.  *Cherokee Export Co. v. Chrysler*

---

[3]  Defendants note that this case names as defendants Heico and Pettibone which are not named as parties in the Illinois action, and the Illinois action alleges a claim for "unfair competition."  However, precise identity of the parties is not required for the first-to-file rule to apply.  Furthermore, all of the parties named in the Illinois action are parties to this case.  The unfair competition claim alleged in the Illinois case arises from the alleged conduct of plaintiffs in this case regarding allegedly infringing conduct by defendants.

9

*International Corp.,* No. 96-1745, 1998 WL 57279 (6th Cir. 1998), citing *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991), quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). "The court is also called upon to 'weigh a number of other case specific factors.' " *Cherokee,* 1998 WL 57279 at *1, citing *Stewart,* 487 U.S. at 29. These factors include:

> the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively. In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Cherokee,* citing *International Car Show Ass'n v. ASCAP,* 806 F.Supp. 1308, 1310 (E.D.Mich.1992). *See also West American Insurance Co. v. Potts,* No. 89-6091, 1990 WL 10434 (6th Cir. 1990), citing *Priess v. Fisherfolk,* 535 F.Supp. 1271, 1279 (S.D.Ohio 1982) ("In determining whether to grant [a motion for change of venue pursuant to § 1404(a)], the district court ... consider[s] a variety of factors, including the convenience of the witnesses, where the operative facts occurred, the location of the documentary evidence, and the possibility of prejudice in either the forum or the transfer state."); *United States v. Cinemark USA, Inc.,* 66 F. Supp. 2d 881, 887-89 (N.D. Ohio 1999) (citing the following factors for determining the appropriateness of change of venue: plaintiff's choice of forum, convenience of the parties and witnesses, location of the events, documents and evidence and "the interests of justice.") The party requesting transfer has the burden to show that the relevant factors weigh strongly in favor of transfer. *Picker Int'l, Inc. v. Travelers Indem. Co.,* 35 F. Supp.2d 570, 573 (N.D. Ohio 1998).

This Court does not find on the basis of the arguments before it that the relevant

10

factors weigh strongly in favor of transferring this case to the Northern District of Illinois. Plaintiffs' choice of forum is plainly this district, and there are competing contentions as to which forum is more convenient for the parties and witnesses.[4]  Although defendants contend that Illinois is the more convenient forum and has a greater connection with the underlying facts, plaintiffs contend there are witnesses and pertinent evidence here.  The Court cannot say that plaintiffs' assertions are false.  In addition, plaintiffs contend that "the primary events of concern in this case are Defendants sale of allegedly-infringing products in this District, and the activities of the inventors and patent counsel during the '401 Patent and the '588 Patent, both of which occurred in this District." (Pltf. Opp. at 10.)  Therefore, it does not disserve the interests of justice to have a jury in this district hear plaintiffs' claims.

The Court, in sum, does not find the factors for assessing whether to transfer a case to be sufficiently strong to warrant disregarding plaintiffs' choice of forum.  The Court accordingly does not find transfer appropriate under 28 U.S.C. § 1404(a).

### Conclusion

For the reasons stated above, plaintiffs' motion to enjoin the Illinois action is denied, and defendants' motion to transfer this action to the Northern District of Illinois is also denied.

---

[4]     Both parties contend that there are witnesses who will unable to give live testimony in the other forum.

11

AO 72A
(Rev.8/82)

IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge

AO 72A
(Rev.8/82)